## Riggle v. Garber

*William C. Porter*, for plaintiffs.
*Robert L. Ceisler*, for defendants.

SWEET, P. J., and CURRAN, J., December 22, 1966.— In this equity action, defendants own and occupy a

parcel of land in Blaine Township which is subject to a long, regularly used and highly visible right of way of the Washington Oil Company. Plaintiffs own and occupy the real estate on all relevant sides of defendants' parcel. Defendants blocked the right of way with "a series of stout posts or poles", thus denying the use of this right of way or roadway to the oil company. It is alleged that the oil company has "been forced and compelled to obtain access over a new and different route, which new and different route is over lands of the plaintiff". The oil well is on a portion of plaintiffs' tract adjacent to defendants' land.

It will at once be observed that the trespass to the lands of plaintiffs is not by defendants personally, but by the agents, servants, vehicles and beasts of the oil company. It will also be noted that plaintiffs in the action are not the parties whose right of way, ingress, egress, etc., is denied by the series of stout posts or poles referred to hereinabove.

Both sides feel that this case is ruled by Restatement, Torts 2d §158(a), Comment j. It is quoted:

"j. *Causing entry of a third person.* If, by any act of his, the actor intentionally causes a third person to enter land, he is as fully liable as though he himself enters. Thus, if the actor has commanded or requested a third person to enter land in the possession of another, the actor is responsible for the third person's entry *if it be a trespass.* This is an application of the general principle that one who intentionally causes another to do an act is under the same liability as though he himself does the act in question. So too, one who by physical duress causes a third person to go upon the land of another or who carries the third person there against his will is liable as a trespasser, although the third person may not be liable". (Italics supplied.)

We are unable to agree with plaintiffs' contention. It would seem that it is the right of way of the oil com-

pany, and not of plaintiffs, which has been denied and that the allegations of blockade would come better from the oil company. Not only should the oil company be a party plaintiff, but for these plaintiffs, it would be a better defendant were it not for the right of way, since it is the oil company whose servants, etc., are now traversing the lands of plaintiffs. Either way you look at it, the oil company should be a party.

We also think the present plaintiffs' reliance on §158 of the Restatement is unwise. Defendants have not forced the oil company on the lands of plaintiffs in the sense of physically pushing men or equipment onto that realty vi et armis. It is quite possible that these problems have an economic root and, therefore, an economic solution. The oil company's action is not a trespass as to plaintiff, as the right of way of the oil company covers the whole larger tract.

In addition to the reasons suggested hereinabove, we are also inclined to feel that this is a rather petty dispute to bring here and that the parties should have resorted to negotiation, discussion, and bargaining before turning to the ultimate remedy of a suit in equity.

### ORDER

And now, December 22, 1966, the preliminary objections relevant to paragraphs 6 and 7 of the complaint in equity are sustained. Defendant may now answer the remaining portion of the complaint, particularly paragraph 5, unaffected hereby, within 20 days.

### DISSENTING OPINION

MCCUNE, J., December 22, 1966.—We do not think the majority has properly diagnosed the problem in this case. As we understand the facts, plaintiffs owned a large tract of land which long ago was leased to an oil and gas developer, who drilled a producing well on the tract. By the terms of the lease, the developer had

ingress and egress to and from the well. He established a location for this ingress and egress and used it for many years. It was open and notorious. Defendants bought a parcel of the tract which included the location of the right of way or easement, realizing it existed at the time they purchased the parcel. After taking possession, defendants built a fence around their parcel, thus forcing the developer to establish a new location for his lane or driveway, which of necessity crossed plaintiffs' land.

In effect, the right of way was shifted from defendants' land to plaintiffs' land. The oil and gas developer never did trespass and still isn't trespassing. He has a right to go over the entire tract within reasonable limitations. The rights concerned are strictly between plaintiffs and defendants. Definite property rights are involved, because when the deal was made for the parcel or the respective deals for both parcels, parties dealt with the conditions in mind which then existed. Since the lane or drive was obvious, defendants took subject to it. It was a condition of the land, the same as any other easement which was present and obvious. To permit defendants to fence out the condition and force it onto plaintiffs' land is to permit, in effect, the contract or contracts to be rewritten without plaintiffs' consent. It is tantamount to a reformation of the deed or deeds without plaintiffs' consent.

The complaint does not allege trespasses by the oil company. It alleges trespasses by *defendants*, and properly so. What is actually involved, however, are breaches of contract caused by the trespasses.

Preliminary objections have been filed to the allegations of the complaint reviewed above on the ground that plaintiffs have neither title or interest in the right of way. Obviously, they don't have title to the right of way, but they have an interest in the quiet enjoyment of their own land now encumbered by a drive-

way which for 80 years encumbered defendants' land and which defendants have shifted onto them by an act of force and without consent. Defendants have breached an implied contract by the action they have presumed to take.

Suppose under the same facts the oil company had built a warehouse on the original tract, its lease having permitted it to build anywhere on the land it chose to build. Suppose defendants then bought the tract with the warehouse on it and promptly moved the warehouse over onto plaintiffs' land. Although the oil company might have no reason to object, plaintiffs certainly would have reason. As between plaintiffs and defendants, the entire legal relationship has been altered by an arbitrary act. A warehouse is no less onerous than a driveway in many circumstances.

The only difference in the cases is that the driveway was moved by means of a fence. The warehouse would be moved by means of a truck.

Restatement, Torts 2d §158(a), is not applicable. This section involves a trespass carried out through another. The trespass or breach of covenant here was direct because defendant interfered with a property right of plaintiff. That he did it by fencing his own land is immaterial. The Restatement makes even non-trespassory invasions actionable if the one injured has property rights and privileges in respect to the use or enjoyment of his land which are interfered with, and the actor's conduct is a legal cause of the invasion (Restatement, Torts §822). However, this was an invasion of plaintiff's interest in the use and enjoyment of his land which was intentional because defendants "acted for the purpose of causing it": Restatement, Torts §825.

However, we do not believe the Restatement of Torts is controlling. As stated above, there are implied covenants here which have been violated. We repeat

that the contractural rights of the parties are involved. When defendant bought his land, aware of the rights of the developer (because the driveway was obvious), he accepted the land subject to an equitable servitude.

4 Pomeroy, Equity Jurisprudence (5th ed.) §1295, states: ". . . when in a deed the grantor or the grantee covenants, or in a lease the lessor or the lessee covenants, concerning the land, concerning its use, restricting certain specified uses, stipulating for certain specified uses, subjecting it to easements or servitudes, and the like, and the land is afterwards conveyed, or sold, or passes to one who has actual or constructive notice of the covenant, the grantee or purchaser will take the premises bound by the covenant, and will be compelled in equity either to specifically execute it, or will be restrained from violating it, at the suit of the original covenantee or of any other person who has a sufficient equitable interest, although perhaps without any *legal* interest, in such performance. It makes no difference whatever, with respect to this equitable liability, and this right to enforce the covenant in equity, whether the covenant is or is not one which in law 'runs with the land.' Subsequent owners deriving title under deeds containing such covenants would, of course, have constructive notice thereof".

Plaintiffs had an equitable interest here—the interest of quiet enjoyment of their land in the condition which prevailed when the parties entered into the covenants involved.

It is much the same condition which exists when a grantor sells lots subject to a building restriction. Grantor or any grantee can enjoin a violation of the restriction because the parties all dealt subject to covenants expressed or implied.

I would not sustain the preliminary objections, but would dismiss them and require a responsive pleading.